IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. MERRITT,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | 8:21CV402<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on plaintiff James L. Merritt's ("Merritt") Motion for Attorney's Fees (Filing No. 22) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA authorizes the Court to award "fees and other expenses" to a prevailing party in any civil action "brought by or against the United States," unless the Court determines the government's position was "substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A).

  Merritt requests attorney fees in the amount of $5,596.50, which consists of 27.3 hours of attorney work at $205 per hour. Merritt also requests $100 in costs for his counsel's *pro hac vice* motion.

  Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), does not object to Merritt's request for fees (Filing No. 24) or argue her position was substantially justified. She does, however, object to Merritt's request for costs, noting that under 28 U.S.C. § 1915(f)(1), the United States is not liable for costs in a case like this where the plaintiff was allowed to proceed in forma pauperis. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (concluding *pro hac vice* fees are recoverable under 28 U.S.C. § 1920 as "[f]ees of the clerk"); *Larson v. Saul*, No. 4:18-CV-04121-VLD, 2019 WL 4640437, at *7 (D.S.D. Sept. 24, 2019) ("Costs cannot be assessed against the United States when the plaintiff is

proceeding *in forma pauperis*."). The Commissioner also points out that while the EAJA fee award is payable to Merritt, not his attorney, it can—as a practical matter—be sent to his attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010). Merritt has not filed any response to the government's limited objection.

Having carefully reviewed the parties' submissions and the balance of the record in this case, the Court finds Merritt is a prevailing party entitled to an EAJA fee award of $5,596.50 paid by the Social Security Administration. Merritt has satisfied the statutory requirements under the EAJA, *see* 28 U.S.C. § 2412(d)(1)(A), and his attorney-fee request is timely[1] and reasonable. In contrast, the Court agrees with the Commissioner that Merritt is not entitled to recover his costs.

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff James L. Merritt's motion for attorney fees (Filing No. 22) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted. His request for $100 in costs is denied.
2. Merritt is awarded attorney fees in the amount of $5,596.50.
3. The Social Security Administration shall make the fee award payable to Merritt and deliver the payment to his attorney, David F. Chermol, at his address of record.
4. A separate judgment will issue.

---

[1] A prevailing party requesting an EAJA fee award based on a remand under sentence four of 42 U.S.C. § 405(g) must apply no later than thirty days after the judgment has been entered and the appeal period has run such that the judgment is no longer appealable. *See Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991).

Dated this 7th day of June 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge